IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AIA ENGINEERING LIMITED,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>MAGOTTEAUX INTERNATIONAL S/A<br>& MAGOTTEAUX, INC.,<br><br>    Defendant/Counterclaim Plaintiffs.<br><br>MAGOTTEAUX INTERNATIONAL S/A<br>& MAGOTTEAUX, INC.<br><br>    Third Party Plaintiffs,<br><br>v.<br><br>VEGA INDUSTRIES, LTD. INC.,<br><br>    Third Party Defendant. | NO.: 3:09-cv-00255<br>CHIEF JUDGE HAYNES |

**MEMORANDUM**

On July 3, 2012, in accordance with the jury's verdict, this Court entered judgement against the Plaintiff and Third Party Defendant, AIA Engineering Limited and Vega Industries, Ltd. Inc. (collectively, "AIA"), in favor of the Defendants and Third Party Plaintiffs, Magotteaux, Inc. and Magotteaux International S/A's (collectively, "Magotteaux"). (Docket Entry No. 390). The jury awarded Magotteaux damages in the amount of $1,668,028.00. (Docket Entry No. 388). Subsequently, this Court found that AIA "wilfully violated [Magotteaux's] patent rights" and

1

awarded Magotteaux enhanced damages of $3,336,056.00 pursuant to 35 U.S.C. § 284. (Docket Entry No. 390). Additionally, this Court found the case "exceptional" and awarded Magotteaux "reasonable attorneys fees" pursuant to 35 U.S.C. § 285. (Docket Entry No. 390).

Magotteaux then moved for an award of prejudgment interest, post-judgment interest and attorneys' fees and costs in an amount totaling $3,851,906.91 (not including post-judgment interest). (Docket Entry Nos. 396 & 398). AIA opposed Magotteaux's motions for prejudgment interest and attorneys' fees and costs. (Docket Entry Nos. 436 & 437). AIA is also taxed with costs in this action. (Docket Entry No. 446). AIA has filed for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and for a new trial pursuant to Fed. R. Civ. P. 59. (Docket Entry Nos. 407, 408, 410, 411 & 412).

Of the matters before the Court, this Court first addresses AIA's motion for stay of proceedings to enforce judgment pending disposition of post trial motions pursuant to Fed. R. Civ. P. 62(b). (Docket Entry No. 409). On July 31, 2012, AIA moved this Court to stay execution of the judgment in this action and any proceedings to enforce the judgment upon AIA's deposit of $3,336,056.00 (the amount of enhanced damages) with the Clerk of Court as security for Magotteaux. (Docket Entry No. 409). Magotteaux opposes AIA's motion for stay of execution of judgment, and argues in the alternative, that the Court should order AIA to deposit $7,228,544.64 (sum includes judgment and Magotteaux's proposed amounts of prejudgment interest, attorneys' fee and costs) as security in this matter. (Docket Entry No. 440).

Under Federal Rule of Civil Procedure 62(b), the Court may, "[o]n appropriate terms for the opposing party's security . . . stay the execution of judgment - - or any proceedings to enforce it - - pending disposition of any of the following motions:

(1) under Rule 50, for judgment as a matter of law;

2

(2) under rule 52(b), to amend the findings or for additional findings;

(3) under Rule 59, for a new trial or to alter or amend a judgment; or

(4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b).

Rule 62(b) is aimed at protecting the interests of the prevailing party "while preserving the status quo." Lincoln Elec. Co. v. MPM Techs., Inc., No. 1:08-cv-2853, 2009 WL 3246936, at *1 (N.D. Ohio Oct. 6, 2009). The Court has "broad discretion to stay execution of judgment pending the disposition of certain post-trial motions." Id. A court determines whether to stay execution of judgment by "consider[ing] the movant's likelihood of success on the merits of the post-trial motions, the threat of irreparable harm to either side, and the public interest." Cobb v. Time, Inc., No. 3:94-0836, 1999 U.S. Dist. Lexis 22988, at *5 (M.D. Tenn. Oct. 27, 1999).

Here, the Court concludes that a stay of execution of the judgment is appropriate. "[I]t cannot be said [AIA] has no likelihood of success with regard to its post-trial motions." Id. at *5-6 (citing Combustion Sys. Servs. v. Schuylkill Energy Res., 153 F.R.D. 73, 74 (E.D. Pa. 1994) ("In any event, although the Court will not concede that it committed error, this Court cannot conclude that Plaintiff has no reasonable possibility of success on the merits of its post trial motions or appeals."). The public interest does not weigh against the issuance of a stay in this case.

If a stay is warranted, the Court can impose "appropriate terms for the opposing party's security." Fed. R. Civ. P. 62(b). "Unsecured stays are appropriate only in rare cases" Cobb, 1999 U.S. Dist. Lexis 22988, at *6. "[T]he party seeking a stay is normally required to post a bond sufficient to **fully protect** the prevailing party's interest in the judgment." Lincoln, 2009 WL 3246936, at *1 (emphasis added). In setting the amount to protect a prevailing party's interest,

3

"[c]ourts generally include the full amount owed under the judgment, post-judgment interest, and costs on appeal." Id.

The Court concludes that AIA's proposed security in the amount of $3,336,056.00 is insufficient. The proposed sum merely includes the value of the actual judgment without regard to the value of prejudgment interest, post-judgment interest, or attorneys' fees and costs. Magotteaux will not be prejudiced by a brief stay of execution, provided AIA deposits security for the value Magotteaux might reasonably receive in this case that includes attorneys' fees and costs. To "fully protect" Magotteaux's interest in this case, an appropriate security is the sum of $7,228,544.64. That sum includes the actual value of the judgment and Magotteaux's proposed value of prejudgment interest, attorneys' fees and costs.

For these reasons, this Court will grant a stay of proceedings to enforce judgment pending the disposition of post-trial motions effective immediately upon AIA's deposit of $7,228,544.64 to the Clerk of Court, in an account bearing interest as security for Magotteaux in this action.

An appropriate Order is filed herewith.

**ENTERED** this 28th day of August, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge