IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AIA ENGINEERING LIMITED, | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | )<br>) |
| v. | )<br>) |
| MAGOTTEAUX INTERNATIONAL S/A<br>& MAGOTTEAUX, INC., | )<br>)<br>) |
| Defendant/Counterclaim Plaintiffs. | )<br>)<br>) |
| | ) No.: 3:09-cv-00255<br>) Chief Judge Haynes |
| MAGOTTEAUX INTERNATIONAL S/A<br>& MAGOTTEAUX, INC. | )<br>)<br>) |
| Third Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| VEGA INDUSTRIES, LTD. INC., | )<br>) |
| Third Party Defendant. | ) |

**ORDER**

On July 3, 2012, in accordance with the jury's verdict, the Court entered judgement against the Plaintiff and Third Party Defendant, AIA Engineering Limited and Vega Industries, Ltd. Inc. (collectively, "AIA"), in favor of the Defendants and Third Party Plaintiffs, Magotteaux, Inc. and Magotteaux International S/A's (collectively, "Magotteaux"). (Docket Entry No. 390). The jury awarded Magotteaux damages in the amount of $1,668,028.00. (Docket Entry No. 388). Subsequently, this Court found that AIA "wilfully violated [Magotteaux's] patent rights" and awarded Magotteaux enhanced damages of $3,336,056.00 pursuant to 35 U.S.C. § 284. (Docket

Entry No. 390). Additionally, this Court found the case "exceptional" and awarded Magotteaux "reasonable attorneys fees" pursuant to 35 U.S.C. § 285. (Docket Entry No. 390).

AIA moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and for a new trial pursuant to Fed. R. Civ. P. 59. (Docket Entry Nos. 407, 408, 410, 411 and 412). The Court denied each of AIA's motions for judgment as a matter of law and for a new trial (Docket Entry Nos. 468 and 483). Magotteaux moved for prejudgment interest, post-judgment interest and attorneys' fees and costs. (Docket Entry Nos. 396 and 398). The Court awarded Magotteaux $3,336,056.00 in enhanced damages, $243,816.60 in prejudgment interest, $3,233,268.03[1] in attorneys' fees and costs, and post-judgment interest. (Docket Entry No. 469).

AIA moved this Court to stay execution of the judgment in this action and any proceedings to enforce the judgment pending the disposition of the post trial motions. (Docket Entry No. 409). The Court granted a stay execution of the judgment under Fed. R. Civ. R. 62(b), provided that AIA deposit the sum of $7,228,544.64 to the Clerk of Court. (Docket Entry No. 452). AIA appealed to the Federal Circuit Court of Appeals.

Before the Court are Magotteaux's motion to release funds held by the Clerk of Court (Docket Entry No. 487) and AIA's motion for the continuance of the stay of execution of the judgment or any proceedings to enforce the judgment (Docket Entry No. 488). AIA moves for a stay under Fed. R. Civ. P. 52(d), but seeks the Court's approval of the $7,228,544.64 held by the Clerk of Court as security for the stay pending appeal, in leiu of a supersedeas bond. (Docket Entry No. 489 at 2). Magotteaux has no objection to the continuance of the stay execution nor AIA's proposed

---

[1] As clarification for the parties, the Court's Order (Docket Entry No. 469) did not include the sum of $44,872.61 in non-taxable costs that the Court awarded to Magotteaux in its Memorandum. The total sum of Magotteaux's award for attorney's fees and costs ($3,233,268.03) includes $3,188,395.42 in attorneys' fees and $44,872.61 in non-taxable costs.

security. (Docket Entry No. 491).

Rule 62(d) provides that if an appeal is pending a party may obtain a stay by posting a supersedeas bond.

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). "This entitles an appellant to a stay pending appeal as a matter of right." Hamlin v. Charter Tp. of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998) (citing Am. Manf. Mutual Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 2 (1966)). "However, this right is expressly contingent upon the posting of a court approved supersedeas bond." Hamlin, 181 F.R.D. at 351.

Yet, the Court has the discretion to accept alternative forms of security than a supersedeas bond. Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5 th Cir. 1979). "[T]he burden is on the moving party to objectively demonstrate the reasons for such a departure." Id. AIA contends that the funds currently held by the Clerk of Court as a result of the Rule 62(b) stay provide adequate security for Magotteaux because the sum exceeds the total award for damages, costs, attorneys' fees, and interest. (Docket Entry No. 489 at 2-3). Here, the Court concludes that proposed security of $7,228,544.64, plus the interest accruing, covers the value of the actual judgment, prejudgment interest, attorneys' fees and costs and an additional amount for post-judgment interest. The Court also concludes that Magotteaux will not be prejudiced by a continuance of the stay pending appeal.

For these reasons, the Court concludes that a continuance of the stay pending appeal is appropriate and the security held by the Clerk of Court is sufficient in lieu of a supersedeas bond.

AIA's motion for a continuance of the stay of execution of the judgment (Docket Entry No. 488) is **GRANTED**. Magotteaux's motion for release of funds (Docket Entry No. 487) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this 22nd day of February, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court